

# NUMBER 13-18-00150-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROGELIO BENAVIDEZ, Appellant,

v.

THE STATE OF TEXAS, Appellee.

### On appeal from the 404th District Court of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Nora Longoria

Appellant, Rogelio Benavides, attempted to perfect an appeal from a conviction for indecency with a child. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on January 22, 2018. No motion for new trial was filed. On March 16, 2018, appellant filed a notice of appeal and a motion for extension of time to file notice of appeal. On March 19, 2018, the Clerk of this Court

notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not responded to this Court's notice.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant's notice of appeal was due to have been filed on or before February 21, 2018. *See* TEX. R. APP. P. 26.2(a)(2). Appellant's notice of appeal and motion for extension of time to file notice of appeal were filed on March 16, 2018, outside the fifteen-day time period.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction. *See Olivo*, 918 S.W.2d at 522. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

2

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West, Westlaw through 2017 R.S.); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

Appellant's motion for extension of time to file notice of appeal is DENIED and the appeal is DISMISSED FOR WANT OF JURISDICTION.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of March, 2018.